IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANEESA JOHNSON, *Plaintiff*, v. GEORGETOWN UNIVERSITY et al., *Defendants.* | Case No. 1:25-cv-1540 (CRC) |

### DEFENDANT ILYA SHAPIRO'S MEMORANDUM IN SUPPORT OF RULE 11 SANCTIONS ON THE SECOND AMENDED COMPLAINT [1]

Plaintiff and her counsel, Abdel Rahman Hamed, persist in their unhinged quest to harass Ilya Shapiro. Nothing in Plaintiff's 117-page Second Amended Complaint ("SAC") even comes close to alleging a viable cause of action against him. But that is not Plaintiff's purpose.

Process is punishment. Plaintiff and her counsel have both expressed their explicit hatred of so-called "Zionists" like Mr. Shapiro. Mr. Hamed believes they are "a malignancy that must and will be eradicated from the earth" and they should "never know sleep." Plaintiff and her counsel label Mr. Shapiro a "Zionist" throughout the SAC. Therefore, in addition to the legal and factual frivolity of the SAC, the abusive purpose—of never letting Mr. Shapiro know sleep because of his religion and

---

[1] For the sake of judicial economy, Mr. Shapiro fully incorporates his prior motion and brief in support of sanctions and motion to dismiss regarding the First Amended Complaint. ECF Nos. 34, 34-1, 41, 41-1. D.C.'s Rule 11 is materially identical to FRCP Rule 11, and the factual background, legal standard, and authorities previously cited remain applicable. This motion focuses on changes in circumstances since filing of the Second Amended Complaint, and new issues raised therein.

support for Israel—demonstrate that this is one of the rare cases where sanctions, pursuant to FRCP Rule 11, against both Plaintiff and her counsel, are necessary and appropriate.

## Procedural Background

On February 4, 2025, Plaintiff Johnson commenced this action against Georgetown University in the Superior Court of the District of Columbia. On April 29, 2025, Plaintiff filed the First Amended Complaint ("FAC") adding several defendants, including Ilya Shapiro. On May 14, 2025, before Mr. Shapiro was served with the First Amended Complaint, Georgetown University removed the suit to the United States District Court of the District of Columbia. ECF No. 1.

Undersigned counsel provided notice on June 20, 2025, pursuant to D.C. Superior Court Civil Rule 11(c)(2), of Mr. Shapiro's intent to seek sanctions due to the filing of the FAC, which contained claims that were not warranted by existing law or fact, and were presented for the improper purpose of harassment. After 21 days, Plaintiff chose not to withdraw or dismiss her claims against Mr. Shapiro, and he therefore filed his motion for sanctions on July 15.[2] ECF No. 34.

On August 14, 2025, at 7:53 p.m., Plaintiff's counsel sent an email to notify Mr. Shapiro that he intended to file a motion *that day* for leave to amend his client's complaint, in violation of Local Rule 7(m). Ex. 1. While he did not include a copy of

---

[2] Mr. Shapiro does not waive any rights or remedies available to him from his prior motion for sanctions with respect to the FAC. The FAC remains subject to sanctions under D.C. Super. Ct. Civ. R. 11, under the Court's inherent authority, and even under FRCP Rule 11 to the extent that Plaintiff continues to advocate its frivolous claims in federal court. *See* ECF No. 34-1 at 10–13, 11 n.3.

his proposed amendment, he stated, "I will be dismissing the defamation claim and civil conspiracy claim against all defendants, including Ilya Shapiro. I will be making additional changes pertaining to other defendants." *Id.* Plaintiff proceeded to file the motion for leave to amend at 11:47 p.m., without including a copy of the proposed SAC, in violation of Local Rule 15.1. ECF No. 44. By his gamesmanship, Plaintiff's counsel prevented Mr. Shapiro from being able to evaluate or assert his opposition to the amendment, which he would have done not only on procedural grounds, but also on the grounds of futility. *See* ECF No. 45.

The Court granted Plaintiff's motion for leave to amend upon Mr. Hamed's representation that the SAC would "dismiss[] a number of claims," "clarify" facts, and "narrow the disputed issues." *See* ECF No. 44. Plaintiff filed the SAC on August 22, 2025. ECF No. 47. Instead of dismissing anything meaningful against Mr. Shapiro, Plaintiff substituted and added *new* frivolous claims against him. *See* SAC ¶¶ 219–42, 446–501. Instead of clarifying facts or narrowing issues, Plaintiff expanded the SAC by 265 paragraphs, *without adding a single new factual allegation regarding Mr. Shapiro.*[3] Indeed, Plaintiff has readily conceded that the facts alleged against Mr. Shapiro in the SAC are "exactly the same." Dkt. No. 48 at 6.

<u>Argument</u>

The SAC is entirely a rehash of the FAC, fixing none of its flagrant deficiencies

---

[3] Once again demonstrating Mr. Hamed's penchant for gamesmanship, and outright misrepresentations, he did not disclose in his motion for leave to amend that his client was adding new claims against multiple defendants. ECF No. 44. It is also worth noting that in his motion for leave to amend, Mr. Hamed repeated another misrepresentation, that the non-Georgetown defendants "assented" to removal of this case to federal court, which is false. *Id.*, ¶ 4; *see also* ECF No. 31 at 1–2, n.1.

regarding Mr. Shapiro—not to mention the other so-called "Zionist" defendants—about which Plaintiff and her counsel are fully on notice and have had multiple opportunities to abandon their frivolous claims. Plaintiff does not allege any new facts to support the existing or new causes of action.

I. **Plaintiff and her counsel substitute a frivolous count of false light in a futile attempt to avoid the statute of limitations, the strictures, and the burdens of proof for defamation.**

Rather than drop her frivolous defamation claim, Plaintiff has swapped in a frivolous false light claim (Count XIII). False light, a subset of invasion of privacy, is simply a variation on defamation and "a plaintiff may not avoid the strictures of the burdens of proof associated with defamation by resorting to a claim of false light invasion." *Moldea v. New York Times Co.*, 22 F.3d 310, 319 (D.C. Cir. 1994). There is no meaningful difference between the two torts in the context of the allegations of the SAC—which continues to refer to republications of Plaintiff's anti-Jewish tweets as "defamatory." *E.g.*, SAC ¶¶ 374, 391–92. The SAC cannot repackage a deficient defamation claim under a new tort and cannot avoid its one-year statute of limitations. *See Paul v. Judicial Watch, Inc.*, 543 F. Supp. 2d 1, 10 (D.D.C. 2008); *Greenpeace, Inc. v. Dow Chemical Co.*, 97 A.3d 1053, 1063 (D.C. 2014).

In *Greenpeace*, the D.C. Court of appeals noted that the D.C. Circuit has consistently applied the one-year statute of limitation for defamation to false light "because both claims protect the same interests, namely, the reputation and personal psyche of the plaintiff." *Greenpeace*, 97 A.3d at 1061. This district has specifically held that "the one-year statute of limitations under D.C. Code § 12-301(4), which

governs libel, slander and similar intentional torts, applies to any invasion of privacy claim because such claims are types of defamation." *Paul*, 543 F. Supp. 2d at 10. Therefore, just like defamation, Plaintiff's false light claim is facially time-barred.

False light, just like defamation, requires a false statement, and the defenses of truth and opinion apply equally. *Lane v. Random House, Inc.*, 985 F. Supp. 141, 148 (D.D.C. 1995). False light also requires a showing of actual malice, where it involves a matter of public concern and the plaintiff, as here, is a limited purpose public figure. *See id.* Therefore, as previously briefed, Plaintiff's claim for false light fails at every conceivable level for the same reasons her defamation claim fails. Dkt. Nos. 34-1 at 17–18, 41-1 at 8–18. More than just failing to state a claim, the false light count of the SAC is so facially frivolous and lacking in legal basis or any non-frivolous argument for a change in law, that it is sanctionable under Rule 11(b)(2).

II. **Plaintiff and her counsel add a claim for aiding and abetting with full knowledge that it is factually and legally frivolous.**

Plaintiff's new claim of aiding and abetting discrimination (Count III) against Mr. Shapiro is similarly frivolous and vexatious. First, it requires a proven violation of the District of Columbia Human Rights Act (DCHRA), D.C. Code § 2-1402.62 by a principal. *Richardson v. Petasis*, 160 F. Supp. 3d 88, 139 (D.D.C. 2015). The other, rather self-explanatory element, is that Defendant's actions aid and abet the principal's violation of DCHRA. The D.C. Court of Appeals described such an abettor as "one who in some sort associates himself with the venture, . . . participates in it as something he wishes to bring about, and seeks by his action to make it succeed."

*Wallace v. Skadden*, 715 A.2d 873, 888 (D.C. 1998) (internal quotation omitted). Plaintiff alleges that Georgetown University is the principal. SAC ¶ 224. There is absolutely no factual allegation in the SAC, outside of rote recitations of legal elements and conclusory speculation, that Mr. Shapiro associated himself with, participated in, or desired to advance discriminatory action by Georgetown when he re-posted Ms. Wolff's X post.

It is worth noting that in the prior iteration of the complaint, Plaintiff asserted this exact claim against most of the other Defendants, who have already put Plaintiff on notice of its frivolity. The fact that Plaintiff has chosen to continue with this count, and expand it against *all* defendants this time, further evidences the bad faith and vexatious motivations of Plaintiff and her attorney.

### III. All other claims against Mr. Shapiro remain inexcusably frivolous.

The rest of the claims against Mr. Shapiro—Civil Rights Conspiracy (Count IX), Intentional Infliction of Emotional Distress ("IIED") (Count XI), and Tortious Interference (Count XII)—remain wildly frivolous for the same reasons previously articulated in Mr. Shapiro's motions for sanctions and to dismiss. ECF Nos. 34-1, 41-1. Amazingly, Plaintiff still does not allege a single fact to establish personal jurisdiction, despite numerous warnings that he had failed to do so, and possessing Mr. Shapiro's sworn testimony explicitly refuting any basis for personal jurisdiction. *See* ECF No. 34-10, ¶¶ 1–7.

Plaintiff readily admits that the facts alleged against Mr. Shapiro are "exactly the same" as they were in the FAC. Dkt. No. 48 at 6. The single action of Mr. Shapiro,

6

that forms the basis for *all* of Plaintiff's claims, is that he re-posted one of Ms. Wolff's X posts on November 1, 2023, adding Plaintiff's name and job title. As previously briefed, there was never a good faith basis to allege any of these claims, even ignoring the fatal problems of personal jurisdiction and the statute of limitations. Moreover, prior to filing the SAC, Plaintiff was provided with Mr. Shapiro's affidavit, which absolutely refutes Plaintiffs' speculative and offensive theory that he is part of some "Zionist" cabal, scheming to ruin Plaintiff's life. Plaintiff has not and cannot allege a single fact to contradict or challenge the veracity of Mr. Shapiro's testimony. She has not and cannot allege a single fact to support her baseless claims that Mr. Shapiro participated in a conspiracy, that he had knowledge of or intended to interfere with Plaintiff's contract, that he engaged in outrageous conduct, or that he intended to cause her emotional distress.

The very idea that Mr. Shapiro's X re-post—commenting on a matter of public concern and criticizing his former employer, without altering a word of Plaintiff's underlying, offensive tweets, or adding a single untrue statement—could subject him to any of these vexatious torts remains outrageously frivolous. Plaintiff and her counsel have ignored multiple warnings at this point, and their persistence in pursuing this case cannot be mistaken for anything other than vexatious harassment.

**IV.    Plaintiff and her counsel are on notice of the frivolity of the SAC.**

As before, the SAC includes not a single allegation against Mr. Shapiro that supports a cause of action, much less personal jurisdiction. The general, conclusory allegations of each claim against Mr. Shapiro in the SAC lack a shred of evidentiary

7

support and Plaintiff and her counsel know fully well that they will not find evidentiary support even after a reasonable opportunity for further investigation or discovery, in blatant violation of FRCP Rule 11(b)(3). Plaintiff's claims are legally frivolous and not warranted by any nonfrivolous argument for extension or modification of the law, in violation of Rule 11(b)(2). Moreover, the SAC—on its face and taking into consideration Plaintiff and her counsel's explicit hatred for so-called "Zionists" like Mr. Shapiro—was filed for the improper purpose of harassment, in violation of Rule 11(b)(1). *See* Dkt. No. 34-1 at 24–29.

Undersigned counsel therefore provided notice by letter on August 28, 2025, pursuant to FRCP Rule 11(c)(2), of Mr. Shapiro's intent to seek sanctions due to the filing of the SAC, which persists in maintaining claims that are not warranted by existing law or fact, and are presented for the improper purpose of harassment. That letter and its included draft of this brief—along with the prior June 20 notice and prior motion for sanctions—provided fair notice of the frivolity of the Second Amended Complaint. Ex. 2.

More than 21 days have elapsed since providing notice under FRCP 11(c)(2) without Plaintiff withdrawing her frivolous and unfounded claims against Mr. Shapiro. Moreover, on September 18, 2025, undersigned emailed Plaintiff's counsel, pursuant to Local Rule 7(m), inquiring whether his client intends to continue pursuing her claims against Mr. Shapiro and whether she opposes this motion. Given the lack of response, Plaintiff and her counsel are continuing to oppose this motion and are stubbornly refusing yet another off-ramp from this frivolous case.

## Conclusion

Wherefore, Mr. Shapiro respectfully requests that the Court impose appropriate sanctions, including but not limited to reasonable attorneys' fees and costs, against Plaintiff and her counsel, jointly and severally, dismissal of all claims against Mr. Shapiro, and such other relief as the Court deems just and proper.

Dated: September 22, 2025                    Respectfully submitted,

*/s/ Jason C. Greaves*
Jason C. Greaves, DCB No. 1033617
Lindsay R. McKasson, DCB No. 1618740
Katie L. Raymond, DCB No. 90034758
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
lindsay@binnall.com
katie@binnall.com

*Counsel for Defendant Ilya Shapiro*

## CERTIFICATE OF SERVICE

  I certify that on September 22, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

                */s/ Jason C. Greaves*
                Jason C. Greaves

                *Counsel for Defendant Ilya Shapiro*